AO 91 (Rev. 02/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Western District of Michigan

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Liborio Chavez-Alballar | ) | Case No.  1:10-MJ-324 |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED - GR**

April 8, 2010 4:20 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____/_____

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of   05/01/2007   in the county of   Kalamazoo   in the   Western   District of   Michigan  , the defendant violated   18   U. S. C. §   1546(b)(3)  , an offense described as follows:

False attestation on a employment verification Form (I-9).

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Blair A. Babcock, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  4-8-2010

_____
*Judge's signature*

City and state:    Grand Rapids, Michigan

Joseph G. Scoville, U.S. Magistrate Judge
*Printed name and title*

<u>AFFIDAVIT</u>

BLAIR A. BABCOCK, being duly sworn, deposes and says that:

1. Your Affiant is a Special Agent of United States Immigration and Customs Enforcement (ICE) assigned to the Grand Rapids, Michigan office.  I have been an Agent with the federal government for more than twenty-one (21) years.  It is my duty to enforce the laws of the Immigration and Nationality Act as set forth by Congress, as well as other federal laws. As part of my duties, I have received training and conducted investigations in fraudulent document detection and investigative techniques.

2. Your affiant was provided an ICE Alien file relating to Liborio CHAVEZ-ALBALLAR by Immigration Enforcement Agent (IEA) Jesse Sicotte of the Detention and Removal Office-Grand Rapids. IEA Sicotte had been investigating CHAVEZ-ALBALLAR subsequent to his arrest on felony Criminal Sexual Conduct charges in Kalamazoo County Michigan. CHAVEZ-ALBALLAR had originally been arrested under the name Guadalupe GONZALEZ-TORRES. IEA Sicotte subsequently determined that his real name was Liborio CHAVEZ-ALBALLAR and that he was a Lawful Permanent Resident. During his investigation, IEA Sicotte had discovered that a criminal arrest warrant for CHAVEZ-ALBALLAR remains in effect in California. California will not extradite on that warrant, however. IEA Sicotte provided your affiant with copies of records showing that CHAVEZ-ALBALLAR had been previously convicted of Annoying or Molesting a Minor, a misdemeanor which had required CHAVEZ-ALBALLAR to register as a sex offender in California. According to California records obtained by IEA Sicotte, CHAVEZ-ALBALLAR had been identified in California as having been in violation of Sex Offender Registration requirements since August 3, 1996.

3. SSA Blair Babcock subsequently examined the materials provided by IEA Sicotte and verified, based upon photographic comparisons and

fingerprint verifications obtained by IEA Sicotte, that Guadalupe GONZALEZ-TORRES and Liborio CHAVEZ-ALBALLAR are the same person. SSA Babcock then requested Intelligence Research Specialist Ralna Farina to obtain Michigan Secretary of State Driver's License records.

4. On February 2, 2010, IRS Farina provided your affiant with the Michigan Driver's license records. Those records showed that CHAVEZ-ALBALLAR had obtained a valid Michigan Driver's license on October 24, 2003 and again on May 1, 2007 in the name Guadalupe GONZALEZ-TORRES. That Michigan Driver's license ends in the numbers 001 347. Your affiant compared the photographs to those of CHAVEZ-ALBALLAR and verified that they appear to relate to the same person. Further, the records obtained by IRS Farina reflect that the license is active and valid.

5. On February 10, 2010, your affiant obtained additional letters and records relating to CHAVEZ-ALBALLAR's criminal case in Kalamazoo County. In those records and at his employer, CHAVEZ-ALBALLAR used only the name Guadalupe GONZALEZ-TORRES. Also, on multiple occasions, Kalamazoo County law enforcement officials cite the Michigan Diver's license ending in 001 347 as an identifier for Guadalupe GONZALEZ-TORRES.

6. It is your affiant's experience that aliens commonly use fraudulent identification or fraudulently obtained valid identification to avoid detection by ICE. However, despite the fact that CHAVEZ-ALBALLAR is an alien, he is a Lawful Permanent Resident. Your affiant believes, based upon his experience and knowledge, this indicates that CHAVEZ-ALBALLAR obtained the Michigan Driver's license using fraudulent means to avoid detection as a Sex Offender rather than detection by ICE.

7. Your affiant spoke with Denise Barnes, an employee of the Secretary of State of Michigan. Barnes indicated that the Branch identifier on the fraudulently-obtained Michigan Driver's license

is located in Portage, Michigan. This verifies that CHAVEZ-ALBALLAR fraudulently obtained a valid Michigan Driver's license in the Western District of Michigan.

8. On April 2, 2010, your affiant spoke with Mark Nash, of Nash Greenhouses, where CHAVEZ-ALBALLAR was currently employed. Nash provided a copy of the Form I-9 for CHAVEZ-ALBALLAR, which had been completed under the name Guadalupe GONZALEZ-TORRES. In the Form I-9, CHAVEZ-ALBALLAR signed the attestation block in Section 1 on April 28, 2006, indicating that he was a Lawful Permanent Resident named Guadalupe GONZALEZ-TORRES. He further indicated by his signature that his Social Security number was 723-50-xxxx and that his Alien Registration number was A 97 568 391. He also indicated that his date of birth was May 6, 1954. At that time, Liborio CHAVEZ-ALBALLAR knew all of that information to be false, in that that is not his true name, date of birth, assigned Social Security number or assigned Alien Registration number. CHAVEZ-ALBALLAR presented the Michigan Driver's license in the name Guadalupe GONZALEZ-TORRES and a Social Security card in furtherance of that act on or about May 31, 2006.

9. It is a violation of 18 USC 1546(b)(3) for a person to knowingly use a False Attestation for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act.

10. Based upon the above evidence and information, your affiant believes that Liborio CHAVEZ-ALBALLAR, using the false name Guadalupe GONZALEZ-TORRES, did knowingly use a False Attestation for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act, on or about April 28, 2006, in Kalamazoo, Michigan, in violation of 18 USC 1546(b)(3).

Further your affiant sayeth not.

                                        _____
                                        Blair A. Babcock, Affiant
                                        Special Agent
                                        ICE

Sworn to before me and subscribed
in my presence this ___8ᵗʰ___ day of
April    , 2010.

_____
HONORABLE JOSEPH G. SCOVILLE
United States Magistrate Judge